UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
*Southern Division*

ADAN CANELA,

   Plaintiff,

v.                                  Civil Action No.: GJH-22-17

WARDEN, *et al.,*
   Defendants.

**MEMORANDUM OPINION**

Self-represented plaintiff Adan Canela, who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. Additionally, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff alleges that while he was confined at Eastern Correctional Institution, during a move from administrative segregation to disciplinary segregation his personal property was lost or stolen. ECF No. 1 at 2-3. Plaintiff states that during the administrative grievance process instituted regarding his property, the Commissioner determined that staff failed to properly inventory, secure, or transfer his personal property. *Id.* at 3. He seeks monetary compensation for the lost property. *Id.* at 6.

For the reasons discussed below, Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious;

(ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Self-represented pleadings are liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, Plaintiff fails to identify what constitutional violation serves as the basis for his claim for lost property.  To the extent Plaintiff brings a claim under § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment, his claim fails.  A negligent deprivation of property is not actionable under § 1983.  *See Kerr v. S.C. Dept of Corr.*, 2016 U.S. Dist. LEXIS 180695, at *2 (D.S.C. Oct. 28, 2016), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 80, (D.S.C. Jan. 3, 2017) (citing *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Menendez v. Keefe Supply Co.*, 235 Fed. App'x 737, 740 (11th Cir. 2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment.").

To the extent Plaintiff alleges an unauthorized intentional deprivation of property by a state employee, his claim also fails as he has access to an adequate post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Tydings v. Dep't of Corrections*, 714 F.2d 11, 12 (4th Cir. 1983) (finding that Virginia law provides for an adequate post-deprivation remedy).  The right to seek damages and injunctive relief in Maryland courts in a tort action constitutes an adequate post-deprivation remedy for inmates in Maryland prisons.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982) ("[T]here is no question that the relief available to plaintiff in state court is adequate."); *see also Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (noting that the Maryland Tort Claims Act and the IGO provide adequate post-

deprivation remedies), *Fuller v. Warden*, No. WMN-12-43, 2012 WL 831936 at *2 (D. Md. Mar. 8, 2012).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

A separate Order follows.

__January 14, 2022__  
Date

__/s/_____  
GEORGE J. HAZEL  
United States District Judge